Citation Nr: 1532755 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 08-34 912 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to a total disability rating based on individual employability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Boyd, Associate Counsel







INTRODUCTION

The Veteran served on active duty from September 1965 to September 1968 and from September 1972 and September 1974.

This matter comes before the Board of Veterans' Appeal (Board) from a February 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

In February 2014, the Board remanded the claim for an addendum opinion following noncompliance with previous January 2012 remand directives. The Board noted that the examiner who provided an addendum opinion in May 2012 did not provide an opinion regarding employability. Following the most recent remand, in March 2014, the examiner provided an opinion that the Veteran's service-connected disabilities did not substantially affect his ability to secure or follow a substantially gainful occupation. Unfortunately, the examiner did not provide a rationale for this opinion and simply stated that he did not believe that the Veteran's vertigo should be service connected. The addendum opinion is inadequate. Because RO compliance with remand directives is not optional or discretionary, and the Board errs as a matter of law when it fails to ensure compliance, the Veteran's appeal must again be remanded. See Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Reason for Remand: To obtain an addendum opinion specifically regarding whether the Veteran's service-connected hearing loss and vertigo with severe tinnitus and occasional staggering alone cause him to be unable to obtain or maintain substantially gainful employment regardless of age or nonservice-connected disabilities.
It is the established policy of the VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b). A total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Consideration may be given to the veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his or her age or to the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

For a veteran to prevail on a claim based on unemployability, it is necessary that the record reflect some factor which places the claimant in a different position than other veterans with the same disability rating. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the particular veteran is capable of performing the physical and mental acts required by employment, not whether that veteran can find employment. See Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993).

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities provided that if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 
 
Here, the Veteran is currently service-connected for bilateral hearing loss evaluated as 50 percent disabling from December 29, 2006 and for vertigo with severe tinnitus and occasional staggering evaluated as 30 percent disabling from September 1994. His combined disability rating has been 70 percent since December 2006.

The Veteran is service connected for these disabilities and the question of whether or not they should be service connected is no longer an issue open to consideration. The only issue remaining is whether the service-connected conditions render the Veteran unable to obtain or maintain substantially gainful employment regardless of his age or other, nonservice-connected disabilities.

In this case, the Veteran initially filed a claim for TDIU in January 2002 due to a nonservice-connected back injury. The RO denied this claim in July 2002. In a November 2012 statement, the Veteran indicated his hearing loss and vertigo prevented him from securing or following any substantially gainful occupation because of dizzy spells and an inability to hear well; he stated his belief that his vertigo was a "safety hazard." In a January 2003 rating decision, the RO found that, although there was evidence that the Veteran's hearing loss and vertigo had worsened, treatment records indicated his nonservice-connected back condition was causing him the most problem and was the reason for his unemployability. In December 2006, the Veteran applied for an increased rating for hearing loss and vertigo. He indicated his hearing loss affected his daily functions and that he wore bilateral hearing aids that were "not of great help" and constantly hurt. In addition, he described them as "useless" when attempting to use the phone. He applied for a TDIU again in December 2007. Evidence from his previous employer indicated that records were not available and the Veteran had retired in October 2002. The reason for retirement was not given. Following denial of his claim in February 2008, the Veteran indicated his disagreement with the decision indicating he could not work, drive, perform most daily activities, shop, do home maintenance or lawn care. In his October 2008 Form 9, he indicated he could not drive due to dizziness and that not being able to hear and having vertigo with dizziness would be unsafe in a work place.

In January 2012, the Board remanded the claim for a medical opinion as to whether the Veteran's service-connected disabilities precluded him from obtaining or retaining gainful employment. In an April 2012 VA examination report, an examiner indicated hearing loss, in and of itself, did not render the Veteran unemployable. The examiner indicated the Veteran wore hearing aids that helped "quite a lot", although he might have some difficulty working in a noisy environment. In a May 2012 addendum opinion, the VA examiner was to address the effect of vertigo on the Veteran's employability. The examiner stated instead that the Veteran had recurrent episodic vertigo which began 10 years after military service and that it should not be service-connected. In February 2014, the Board remanded the claim again finding the opinions rendered in April 2012 and May 2012 to be inadequate. The Board sought an opinion regarding the impact of vertigo on the Veteran's employability rather than an etiology opinion.

In March 2014, the same VA examiner provided another addendum opinion regarding whether service-connected hearing loss and labyrinthitis, that caused the Veteran's vertigo, prevented him from securing or following a substantially gainful occupation. The VA examiner opined as follows:

The opinion is that the Service-Connected hearing loss, tinnitus, and vertigo did not substantially affect the veteran's ability at age 67 to secure or follow a substantially gainful occupation. The reason for this is as follows: The hearing loss that he had when he had his C & P Examination was a moderate hearing loss but was correctable with hearing aids. The episodes of vertigo that he described as having onset 10 year after his active duty military were not, in my opinion, related to his Service-Connected hearing loss or to any other injury that he sustained during his active duty military. This was my opinion on my C & P Examination of May 22, 2012. Despite my opinion, he was awarded 30% disability for labyrinthitis.

The symptoms of vertigo that he described to me at the time of the C & P Examination were that these episodes were occasional and would occur sometimes as often as several times a year and would last anywhere from several minutes to a couple of hours. It was my opinion at that time that this was not likely a Service-Connected disability and I have no reason to change my opinion at this time.

The Board finds that a VA examiner has not yet provided an adequate opinion as to whether the Veteran's service-connected disabilities render him unemployable without consideration of age or nonservice-connected disabilities. This must be remedied prior to a final decision on the claim. As such, the Board will remand the claim once more for a different examiner to provide an opinion as to employability. The etiology of hearing loss and vertigo are not relevant in the adjudication of this claim and an opinion regarding etiology rather than employability will necessitate an additional remand. As such, the RO should ensure the opinion the Board seeks is part of the record prior to issuing a supplemental statement of the case.

Accordingly, the case is REMANDED for the following action:

1. Allow access to the electronic claims file to a different examiner than the one who provided opinions in April 2012, May 2012 and March 2014. An opinion is sought specifically regarding the effect of the Veteran's service-connected disabilities on his employability. The etiology of the Veteran's service-connected disabilities is not at issue or relevant.

The examiner should review the claims file and this Remand and provide an opinion as to whether it is at least as likely as not that the Veteran's service-connected hearing loss and vertigo with severe tinnitus and occasional staggering, alone, preclude him from engaging in or maintaining substantially gainful employment consistent with his education and occupational experience. 

The opinion must be provided without consideration of the Veteran's age. The existence or degree of nonservice-connected disabilities, such as a back condition, should be disregarded when considering whether the service-connected hearing loss and vertigo can be said to render the Veteran unemployable.

The electronic claims file must be made available to and reviewed by the examiner. It must be clear from the report generated that a review of the claims file was made. 

Rationale must be provided for the opinion proffered. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should state why that is the case. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

2. After the development requested has been completed, the RO must review the addendum to ensure that it is in complete compliance with the directives of this Remand. If the report is deficient in any manner, the RO must implement corrective procedures so as to avoid an additional remand pursuant to Stegall v. West, 11 Vet. App. 268 (1998).

3. If the benefit sought on appeal remains denied, then the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).